# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON at SEATTLE

| | |
|---|---|
| RIDING FILMS, INC. | No: 13-00288 |
| Plaintiff, | PLAINTIFFS MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(F) CONFERENCE |
| v. | |
| DOES 1-65 | |
| Defendants | NOTE ON MOTION CALENDAR: 2/15/2013 |

Plaintiff, by counsel, pursuant to the Federal Rules of Civil Procedure, respectfully moves this Court for leave to take discovery prior to the Rule 26(f) conference for good cause as stated in its accompanying Memorandum in Support filed contemporaneously herewith. A proposed order will be submitted to chambers for the Court's consideration.

Respectfully submitted,

By: s/*Richard J. Symmes*
Richard J. Symmes #41475
Frontier Law Group, PLLC
1001 4th Avenue, Suite 3200
Seattle, WA 98154
Ph:  206-682-7975
F:  206-424-4691
Richard@symmeslaw.com

Motion for Early Discovery

Frontier Law Group, PLLC
 1001 Fourth Avenue, Suite 3200
  Seattle, WA 98154
  Ph: 206-682-7975

**MEMORANDUM IN SUPPORT**

**I. INTRODUCTION**

Plaintiff, a film producer, filed a Complaint seeking damages and injunctive relief related to Defendants' wrongful copying and distribution to others over the Internet of unauthorized copies (files) of a film known as "*Dawn Rider*" (the "Motion Picture") for which Plaintiff holds the exclusive copyright. Plaintiff seeks leave to take immediate discovery on third party Internet Service Providers ("ISPs") to determine the true identities of the "Doe" Defendants. Without such discovery, Plaintiff cannot identify the Defendants, and thus cannot pursue its lawsuit or protect its copyright from ongoing infringement. In addition, as more fully explained below, time is of the essence with respect to the information that Plaintiff seeks as it may only be available for a limited time, after which it will be permanently unavailable. If that occurs, the identities of the infringers will never be known. In addition, Plaintiff needs this information immediately because the infringements are ongoing and continuing to damage Plaintiff. Therefore, there is a critical need for limited, immediate discovery as sought in this motion.

**II. ARGUMENT**

**A. PRECEDENT ALLOWS DISCOVERY TO IDENTIFY DOE DEFENDANTS**

Courts routinely allow discovery to identify "Doe" defendants. See, e.g., Murphy v. Goord, 445 F. Supp. 2d 261, 266 (W.D.N.Y. 2006) (in situations where the identity of alleged defendants may not be known prior to the filing of a complaint, the plaintiff should have an opportunity to pursue discovery to identify the unknown defendants); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed defendants given possibility that identity could be ascertained through discovery); Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997) (plaintiff should have been permitted to conduct discovery to reveal identity of defendant); Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992) (error to deny plaintiff's motion to join

1   John Doe defendant where identity of John Doe could have been determined through discovery);

2   Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985) (error to dismiss claim merely because

3   defendant was unnamed; "Rather than dismissing the claim, the court should have ordered

4   disclosure of Officer Doe's identity"); Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)

5   ("where the identity of alleged defendants [are not] known prior to the filing of a complaint . . .

6   the plaintiff should be given an opportunity through discovery to identify the unknown

7   defendants"); Maclin v. Paulson, 627 F.2d 83, 87 (7th Cir. 1980) (where "party is ignorant of

8   defendants' true identity . . . plaintiff should have been permitted to obtain their identity through

9   limited discovery"); Equidyne Corp. v. Does 1-21, 279 F. Supp. 2d 481, 483 (D. Del. 2003)

10  (allowing pre-Rule 26 conference discovery from ISPs to obtain identities of users anonymously

11  posting messages on message boards).

12       In similar copyright infringement cases brought by motion picture studios and record

13  companies against Doe defendants, courts have consistently granted plaintiffs' motions for leave

14  to take expedited discovery to serve subpoenas on ISPs to obtain the identities of Doe defendants

15  prior to a Rule 26 conference. See BMG Music, et al. v. Does 1-9; filed in this Court, Case No.

16  2:07-CV-00961-JLG-MRA (S.D. Ohio Oct. 16, 2007) (Docs 4-6), and other cases filed in several

17  other states including: Arista Record LLC v. Does 1-4, Case No. 2:05-cv-0227 (S.D. Ohio June

18  9, 2005); Capitol Records, Inc. V. Doe, Case No. 4:04-cv-90 (E.D. Tenn. Nov. 15, 2004);

19  Warner Bros. Records Inc. v. Does 1-35, No. 2:04-cv-00084-WOB (E.D. Ky. May 4, 2004);

20  Warner Bros. Records Inc. v. Does 1-9, No. 04-71058 (E.D. Mich. April 5, 2004); BMG Music

21  v. Does 1-9, No 5:04-cv-58 (W.D. Mich. May 6, 2004; Interscope Records v. Does 1-7, No. 2-

22  04-0240 (M.D. Tenn. Mar. 29, 2004; Warner Bros. Records Inc. v. Does 1-6, 527 F. Supp. 2d 1,

23  2-3 (D.D.C. 2007) (citing Memorandum Opinion and Order, UMG Recordings, Inc. v. Does 1-

24  Motion for Early Discovery                                            Frontier Law Group, PLLC
                                                                          1001 Fourth Avenue, Suite 3200
                                                                          Seattle, WA 98154
                                                                          Ph: 206-682-7975

1  199, No. 04-093 (CKK) (D.D.C. Mar. 10, 2004); Order, UMG Recordings v. Does 1-4, 64 Fed.

2  R. Serv. 3d (West) 305 (N.D. Cal. 2006)) (allowing plaintiffs to serve a Rule 45 subpoena upon

3  Georgetown University to obtain the true identity of each Doe defendant, including each

4  defendant's true name, current and permanent addresses and telephone numbers, email address,

5  and Media Access Control (("MAC")) address).

6       In fact, federal district courts throughout the country, have routinely granted expedited

7  discovery in Doe Defendant lawsuits that are factually similar to the instant lawsuit.[1] In these

8  cited cases and others like them, copyright holder plaintiffs have obtained the identities of P2P

9  network users from ISPs through expedited discovery using information similar to that gathered

10 by Plaintiff in the instant case, and they have used that information as the basis for their proposed

11 subpoenas to these ISPs.

12      Courts consider the following factors when granting motions for expedited discovery to

13 identify anonymous Internet users: (1) whether the plaintiff can identify the missing party with

14 sufficient specificity such that the court can determine that defendant is a real person or entity

15 who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the

16 Doe defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss.

17 Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999); see also Rocker

18 Mgmt. LLC v. Does 1 Through 20, No. 03-MC-33, 2003 WL 22149380, *1-3, (N.D. Cal. May

---

[1] Such cases include: Cornered, Inc. v. Does 1-2177, Civil Action No. 10-01476 (CKK) (D.D.C. Oct. 22, 2010); Donkeyball Movie, LLC v. Does 1-171, Civ. Action No. 10-1520 (EGS) (D.D.C. Oct. 19, 2010); Voltage Pictures, LLC v. Does 1-5,000, Civil Action No. 10-00873 (D.D.C. June 25, 2010); Maverick Entm't Group, Inc. v. Does 1-1,000, Civil Action No. 10-569 (D.D.C. Apr. 19, 2010); Call of the Wild Movie, LLC v. Does 1-358, Civil Action No.10-455 (RMU) (D.D.C. Apr. 15, 2010); West Bay One, Inc. v. Does 1- 2,000, Civil Action No. 10-0481 (JDB) (D.D.C. Apr. 13, 2010); Worldwide Film Entm't, LLC v. Does 1-749, CA. 1:10-cv-00038-HHK (D.D.C. Jan. 26, 2010); G2 Productions, LLC v. Does 1-83, Civil Action No. 10-041 (D.D.C. Jan. 21, 2010); Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 7 (D.D.C. 2008); Lions Gate Films, Inc. v. Does 1-5, Civ. Action No. 05-386 (EGS) (D.D.C. Mar. 1, 2005); Twentieth Century Fox Film Corp. v. Does 1-9, Civ. Action No. 04-2006 (EGS) (D.D.C. Dec. 15, 2004); Metro-Goldwyn-Mayer Pictures Inc. v. Does 1-10, Civil Action No. 04-2005 (JR) (D.D.C. Nov. 23, 2004); UMG Recordings v. Does 1-199, Civil Action No. 04-093 (CKK) (D.D.C. Mar. 10, 2004).

24 Motion for Early Discovery                                          Frontier Law Group, PLLC
                                                                              1001 Fourth Avenue, Suite 3200
                                                                                         Seattle, WA 98154
                                                                                         Ph: 206-682-7975

1   29, 2003) (applying Seescandy.com standard to identify persons who posted libelous statements

2   on Yahoo! message board; denying request for expedited discovery where the postings in

3   question were not libelous). Plaintiff here is able to demonstrate each one of these factors.

4       Overall, courts have wide discretion in discovery matters and have also allowed

5   expedited discovery when "good cause" is shown. See <u>Warner Bros. Records Inc</u>., 527 F. Supp.

6   2d at 2; <u>Semitool, Inc. v. Tokyo Electron Am., Inc</u>., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002);

7   <u>Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc</u>., 213 F.R.D. 418, 419 (D. Colo.

8   2003); <u>Entm't Tech. Corp. v. Walt Disney Imagineering</u>, No. Civ. A. 03-3546, 2003 WL

9   22519440, at *4 (E.D. Pa. Oct. 2, 2003) (applying a reasonableness standard: "a district court

10  should decide a motion for expedited discovery on the entirety of the record to date and the

11  reasonableness of the request in light of all of the surrounding circumstances") (quotations

12  omitted); <u>Yokohama Tire Corp. v. Dealers Tire Supply, Inc</u>., 202 F.R.D. 612, 613- 14 (D. Ariz.

13  2001) (applying a good cause standard).

14  **B. OVERVIEW OF PLAINTIFF'S ALLEGATIONS AND FACTUAL SHOWINGS**

15      As alleged in the complaint, the Doe Defendants, without authorization, used an online

16  media distribution system to download and copy the copyrighted Motion Picture and distribute to

17  other users on the P2P network, including by making the copyrighted Motion Picture for which

18  Plaintiff holds the exclusive sale and distribution rights available for distribution to others. See

19  Complaint at ¶29. In the instant case, Plaintiff has engaged Crystal Bay Corporation ("Crystal

20  Bay"), a provider of online anti-piracy services for the motion picture industry, to monitor this

21  infringing activity. See Declaration of Darren M. Griffin ("Griffin Decl."), ¶¶2, 25 (attached to

22  this Motion as Exhibit A). Crystal Bay tasked Darren M. Griffin with analyzing, reviewing and

23  attesting to the results of the investigation. <u>Griffin Decl.</u>, ¶25.

24  Motion for Early Discovery                                                          Frontier Law Group, PLLC
                                                                                           1001 Fourth Avenue, Suite 3200
                                                                                                    Seattle, WA 98154
                                                                                                      Ph: 206-682-7975

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that good cause exists, and therefore this Court should grant Plaintiff's *Ex Parte* Motion for Leave to Take Discovery Prior to Rule 26(F) Conference and enter an Order substantially in the form of the Proposed Order being submitted in connection with this Motion. Plaintiff requests permission to serve a Rule 45 subpoena on the ISPs it has identified as of this date, and those it identifies in the future, so that the ISPs can divulge the true name, address(es), telephone number(s), e-mail address(es), and MAC address of each Doe Defendant that Plaintiff has identified to date, and those it identifies in the future during the course of this litigation, and an order that the ISPs shall comply with the subpoenas. To the extent that any ISP, in turn, identifies a different entity as the ISP providing network access and online services to the Doe Defendants, Plaintiff also seeks leave to serve, on any such later identified ISP, limited discovery sufficient to identify the Doe Defendant prior to the Rule 26 conference. Finally, Plaintiff requests that the order specify that to the extent applicable, that the ISPs disclose the information pursuant to FERPA (20 U.S.C. 1232g).

Plaintiff will only use this information to prosecute its claims. Without this information, Plaintiff cannot pursue its lawsuit to protect its Motion Picture from infringement.

Dated: February 15, 2013

By: s/*Richard J. Symmes*
Richard J. Symmes #41475
Frontier Law Group, PLLC
1001 4th Avenue, Suite 3200
Seattle, WA 98154
Ph:  206-682-7975
F:  206-424-4691
Richard@symmeslaw.com

Motion for Early Discovery

Frontier Law Group, PLLC
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154
Ph: 206-682-7975