Honorable Judge Robert S. Lasnik

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| Riding Films, Inc.,<br>Plaintiff,<br><br>vs.<br><br>Does 1- 64,<br>Defendants. | 2:13-cv-00288 RAJ-RSL<br><br>Defendant 45 Motion to Quash Subpoenas and Dismiss<br><br>NOTE ON MOTION CALENDAR:<br>Friday June 7, 2013 |

## Introductory Remarks

This Motion is similar to several motions already filed in similar cases: Some of the legal arguments have been expanded and some additional facts that were not known at the time of the earlier filings are now included.

## I. Relief Requested

Defendant Doe 06 requests any and all of the following relief

1. The Court should allow each individual John Doe to proceed anonymously.

2. This case should be severed and all but the first Doe Defendant should be dismissed for improper Joinder.

3. A Protective Order should be issues preventing the Plaintiff from obtaining personal information about the Defendants.



Law Offices of Gary Marshall
9706 4th Ave. N.E., Suite 320
Seattle, Washington 98115-2157
Tel: (206) 524-0655

4. This case should be severed and all but the first Doe Defendant should be dismissed for failure to pay the proper filing fees.

5. Such other relief as this Court deems just.

## II. Statement of Facts

The detailed facts are well set out in the Plaintiff's Complaint, and the Declaration of Doe and the Declaration of Gary Marshall which accompany this Motion.

## III. Statement of Issues

**1. The Court should allow each Doe to proceed anonymously.**

**2. This case should be severed and all but the first Doe Defendant should be dismissed for improper Joinder.**

**3. Privacy Issues Outweigh the rights of the Plaintiff and a Protective Order should be issued.**

**4. This case should be severed and all but the first Doe Defendant should be dismissed for failure to pay the proper filing fees.**

**5. Defendant Has Standing to Bring This Motion Because It Has Been Named and It's Legal Rights are Affected.**

## IV. Evidence Relied Upon

This Motion is based upon the Plaintiff's complaint, this Motion to Quash and Dismiss, the Declaration of Doe, the Declaration of Gary Marshall, and the Defendant's Request to Take Judicial Notice, which accompany this Motion.

## V. Authority

**1. The Court should allow each Doe to proceed anonymously**

Does 45 should be permitted to file this motion anonymously It is the only way the defendant can file this motions without identifying itself by name. See *Doe v. 2TheMart. Com Inc.*, 140 F. Supp. 2d 1088 (Dist. Court, WD Washington 2001). The court concludes at 1098 that



Law Offices of Gary Marshall
9706 4th Ave. N.E., Suite 320
Seattle, Washington 98115-2157
Tel: (206) 524-0655

> The Internet is a truly democratic forum for communication. It allows for the free exchange of ideas at an unprecedented speed and scale. For this reason, the constitutional rights of Internet users, including the First Amendment right to speak anonymously, must be carefully safeguarded.

Although that case dealt with a subpoena to a non-party, the same principles apply here, where the Defendant is seeking to appear anonymously only in the preliminary stages of litigation to challenge the subpoena itself. Proceeding anonymously is the only method of not rendering moot these proceedings by disclosing the very same information which Plaintiff seeks to obtain through its improper subpoenas. Quashing the subpoena while requiring the defendant to proceed in its own names would entirely defeat the purpose of the motion to quash. Accordingly, Doe 45 respectfully requests that the Court permit it to proceed anonymously.

**2. This case should be severed and all but the first Doe Defendant should be dismissed for improper Joinder**

Federal Civil, Rule of Procedure 20 permits Plaintiffs to join multiple defendants in a single lawsuit if they meet certain criteria. The rule states in relevant part:

> Rule 20. Permissive Joinder of Parties
>
> (a) Persons Who May Join or Be Joined.
>
> …
>
> (2) Defendants. Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.
>
> (3) Extent of Relief. Neither a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded.



Law Offices of Gary Marshall
9706 4th Ave. N.E., Suite 320
Seattle, Washington 98115-2157
Tel: (206) 524-0655

> The court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities.
>
> (b) Protective Measures. The court may issue orders—including an order for separate trials—to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party.

Plaintiff has filed a lawsuit against multiple defendants, asserting the defendants all took part in the same bit-torrent swarm to infringe on plaintiff's copyright rights by downloading a movie file. Plaintiff presents evidence that an IP address assigned to each defendant was part of the same swarm at some time during the swarm's several days of existence.

The question of whether this allegation is sufficient to merit joinder has been heavily litigated. For a good summary of some of the cases, see *Hard Drive Productions v. Does 1-188*, 809 F.Supp.2d 1150 at 1153-1154 (2011). That court concluded that the allegations did not merit joinder and dismissed all but one Defendant.

> Here, the Court finds the reasoning in *Boy Racer* and *Diabolic Video Productions*, *Pacific Century International*, and *Millennium TGA* persuasive. Does 1-188 did not participate in the same transaction or occurrence, or the same series of transactions or occurrences. Under the BitTorrent Protocol, it is not necessary that each of the Does 1-188 participated in or contributed to the downloading of each other's copies of the work at issue—or even participated in or contributed to the downloading by any of the Does 1-188. Any "pieces" of the work copied or uploaded by any individual Doe may have gone to any other Doe or to any of the potentially thousands who participated in a given swarm. The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world.
>
> Moreover, the court notes that the declaration submitted in this action, like the declaration in *Boy Racer*, appears to contradict the assertion that the Does named in this action are part of a single swarm. See Hansmeier Decl., ¶ 13 ("[the first step in the infringer-identification



Law Offices of Gary Marshall
9706 4th Ave. N.E., Suite 320
Seattle, Washington 98115-2157
Tel: (206) 524-0655

> process is to locate swarms where peers are distributing the copyrighted creative works."); ¶ 14 1164*1164 ("I used all three methods to locate swarms associated with Plaintiff's exclusive license."). Further, although Hansmeier states that he "collected data on the peers in the swarm, including what activities each peer was engaging in and other important such as the date and time that each Defendant was observed by the software as engaging in infringing activity," the exhibit attached to the complaint reflects that the activity of the different IP addresses occurred on different days and times over a two-week period. Id. at ¶ 15. Indeed, Plaintiff concedes that while the Doe Defendants may have participated in the same swarm, "they may not have been physically present in the swarm on the exact same day and time." Application at 18; Complaint, Ex. A. As a result, the Court finds unpersuasive the allegation that the Does acted in concert. Therefore, the Court concludes that joinder of the Doe Defendants in this action does not satisfy Rule 20(a).

In a very recent case decided on April 4, 2013, *Safety Point Products, LLC v. DOES 1-14, DOES 15-96, DOES 97-177, & DOES 178-197, CASE NOS. 1:12-CV-2812, 1:12-CV-2820, and 1:12-CV-2831; 1:12-CV-2894* (US District Court, Northern District of Ohio) (a copy of which is attached to the Request for Judicial Notice as Exhibit B), the court adopted the same reasoning;

> Plaintiffs' complaint says "every John Doe infringer, in concert with its John Doe swarm members, is allowing others to steal" and that "each John Doe acts in an interactive manner with other John Does." Despite Plaintiffs' statements, it is not at all clear that Defendants were part of the same transaction or occurrence. "Merely alleging that the Doe defendants all used the same file-sharing protocol, BitTorrent, to conduct copyright infringement of plaintiff's film without any indication that they acted in concert fails to satisfy the arising out of the . . . same series of transactions or occurrences requirement." Furthermore, a defendant's participation in a swarm does not mean that the defendant is always present and active in the swarm. Plaintiffs' IP address exhibits indicate that Defendants accessed the swarm at different times, on different days, using different BitTorrent clients. This suggests that Defendants were not wrapped up in a single factual occurrence.
>
> Plaintiffs' other suits pose similar joinder problems, with some Defendants participating in the same swarm months apart from one another, using even more varied BitTorrent clients.



Law Offices of Gary Marshall
9706 4th Ave. N.E., Suite 320
Seattle, Washington 98115-2157
Tel: (206) 524-0655

> Beyond the joinder analysis, this Court is unconvinced that Plaintiff has even pleaded a prima facie case of copyright infringement .36/ Here, Plaintiffs provided only an IP address snapshot, and seeks to use that information alone to justify their suit. Given the nature of BitTorrent protocols, an individual could access the swarm, download a small piece of the copyrighted material that could be useless, and then leave the swarm without ever completing the download. Consider Plaintiffs' motion for leave to take discovery, which states: "Reassembling the pieces using a specialized BitTorrent Client results in a fully playable digital motion picture. To this end, the mere indication of participation weakly supports Plaintiffs' conclusions.
>
> In sum, participation in a specific swarm is too imprecise a factor absent additional information relating to the alleged copyright infringement to support joinder under Rule 20(a).

The court in *Hard Drive Productions v. Does 1-18*, at 1164-65 also explains why discretionary severance should also apply.

> Even if joinder of the Doe Defendants in this action met the requirements of Rule 20(a) of the Federal Rules of Civil Procedure, the Court finds it is appropriate to exercise its discretion to sever and dismiss all but one Doe Defendant to avoid causing prejudice and unfairness to Defendants, and in the interest of justice. See *Wynn, 234 F.Supp.2d at 1088*.
>
> First, permitting joinder in this case would undermine Rule 20(a)'s purpose of promoting judicial economy and trial convenience because it would result in a logistically unmanageable case. See *Bridgeport Music, Inc. v. 11C Music, 202 F.R.D. 229, 232-33 (M.D.Tenn.2001)* (holding permissive joinder of 770 putative defendants would not promote judicial economy because the court's courtroom could not accommodate all of the defendants and their attorneys, and therefore could not hold case management conferences and could not try all of plaintiff's claims together). Second, permitting joinder would force the Court to address the unique defenses that are likely to be advanced by each individual Defendant, creating scores of mini-trials involving different evidence and testimony. In this respect, the Court also notes that in Exhibit A to the Complaint there are listed at least thirteen different internet service providers associated with Doe Defendants, which could also give rise to different ISP-specific defenses, evidence, and testimony. See Complaint, Ex. A.



Law Offices of Gary Marshall
9706 4th Ave. N.E., Suite 320
Seattle, Washington 98115-2157
Tel: (206) 524-0655

> Finally, the Court finds that permissive joinder of the Doe Defendants does not comport with the "notions of fundamental fairness," and that it will likely cause prejudice to the putative defendants. See *Coleman, 232 F.3d at 1296*. The joinder would result in numerous hurdles that would prejudice the defendants. For example, even though they may be separated by many miles and have nothing in common other than the use of BitTorrent, each defendant must serve each other with all pleadings—a significant burden when, as here, many of the defendants will be appearing pro se and may not be e-filers. Each defendant would have the right to be at each other defendant's deposition—creating a thoroughly unmanageable situation. The courtroom proceedings would be unworkable—with each of the 188 Does having the opportunity to be present and address the court at each case management conference or other event. Finally, each defendant's defense would, in effect, require a mini-trial. These burdens completely defeat any supposed benefit from the joinder of all Does in this case, and would substantially prejudice defendants and the administration of justice.
>
> Moreover, the Court notes that Plaintiff's allegation that all Doe Defendants meet the Rule 20(a) joinder requirements is speculative and conclusory. For example, while Plaintiff asserts that Doe Defendants conspired with each other to download the work, Plaintiff also asserts that "each defendant is a possible source of Plaintiff's file, and may be responsible for distributing the file to the other defendants." Application at 19 (emphasis added). Plaintiff also concedes the Doe Defendants "may not have been physically present in the swarm on the exact same day and time." Application at 18; Complaint, Ex. A. In light of Plaintiff's uncertainty about the role of each particular Doe Defendant and the relationship between the Doe Defendants, the Court finds it appropriate to exercise its discretion to sever all of the Doe Defendants but one in the interest of fairness. The Court rejects Plaintiff's assertion that severing the Doe Defendants would "practically prevent copyright holder plaintiffs from being able to protect their material," as the Court's severance does not preclude Plaintiff from filing individual copyright infringement actions against each Doe Defendant. Application at 23.

Doe 45 has not encouraged anyone else to download movie files. They have not “acted in concert with”, worked together” or “directly interacted and communicated with” any other members of any bit-torrent swarm, see Doe 45 Declaration, paragraph 6. All but one defendant should be dismissed for improper joinder.



Law Offices of Gary Marshall
9706 4th Ave. N.E., Suite 320
Seattle, Washington 98115-2157
Tel: (206) 524-0655

**3. Privacy Issues Outweigh the rights of the Plaintiff and a Protective Order should be issued**

This case is a fishing expedition that should not be permitted. Federal Rule of Civil Procedure 45(c)(3)(a) states that a court must quash a subpoena that subjects a person to an "undue burden." A court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense" upon a showing of good cause. Fed. R. Civ. P. 26(c).

> Relevancy for the purposes of Rule 26 is broadly construed. *E.g., Micro Motion Inc.*, 894 F.2d at 1326, 13 USPQ2d at 1701-02. However, the potential for discovery abuse is ever-present, and courts are authorized to limit discovery to that which is proper and warranted in the circumstances of the case. *See* Rule 26(b)(1); *Micro Motion Inc.*, 894 F.2d at 1322-23, 13 USPQ2d at 1699.

*Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993).

Courts should balance the need for discovery against the burden imposed on the person ordered to produce documents. Id. An undue burden is identified by looking at factors such as relevance, the need for the documents, the breadth of the document request, the time period covered by such request, the particularity with which the documents are described, and the burden imposed. *Flatow v. Islamic Republic of Iran*, 196 F.R.D. 203, 206-07 (D.D.C. 2000).

The subpoena in the instant case will most certainly subject Defendant to an undue burden. Plaintiff only presents evidence linking the alleged download to Defendan's IP addresses. Plaintiff does not present sufficient evidence indicating the Defendant was the individual who executed the alleged illegal download of the "Work." Any individual permissibly or impermissibly using Defendant's wireless Internet service could have executed the alleged download.

Courts have denied a similar Plaintiff's requests for pre-service discovery, finding that "Plaintiffs sought-after discovery, as designed, has potential to draw numerous innocent internet


Law Offices of Gary Marshall
9706 4th Ave. N.E., Suite 320
Seattle, Washington 98115-2157
Tel: (206) 524-0655

users into the litigation, placing a burden upon them that outweighs Plaintiffs need for discovery." *Pacific. Century International, Ltd v. Does 1-101*, CV-11 -2533 (DMR), 2011 WL 5117424 at *2 (N.D. Cal. Oct. 27, 2011). The Pacific Century court also found that a first round of discovery might only lead to additional rounds of discovery if the owner of the IP address was not the infringer, which the Court found cut against finding good cause for the first round of discovery. That court additionally stated that this invasive discovery could lead to abusive settlement practices. "Nothing prevents Plaintiff from sending a settlement demand to the individual that the ISP identifies as the IP subscriber. That individual - whether guilty of copyright infringement or not - would then have to decide whether to pay money for legal assistance, or pay the [settlement] money demanded." *Pacific. Century.*

It is absolutely impossible for an ISP or Plaintiff or anyone else to determine from an IP address (a) what type of device was connected to the Internet connection of Defendant on the date in issue, (b) who was using the device on that date, (c) who was aware of the use of that device on that date, or (d) the physical location of any device that was linked to that IP address on that date.

Does 45 has provided a plausible argument that it did not download the movie files (See Declaration of Doe 45, paragraph 5). And Gary Marshall has stated that in his experience around twenty percent of the named parties did not download the movie file. (See Declaration of Gary Marshall, paragraph 24 and 30)

Plaintiffs can not show that there is a strong likelihood that any of the John Does personally infringed on the Plaintiffs' copyrights. This court should issue a protective order against these subpoenas or quash the subpoenas.



Law Offices of Gary Marshall
9706 4th Ave. N.E., Suite 320
Seattle, Washington 98115-2157
Tel: (206) 524-0655

**4. This case should be severed and all but the first John Doe Defendant should be dismissed for failure to pay the proper filing fees**

By pursuing a mass action, Plaintiff has improperly avoided payment of filing fees.

This legal argument is adopted from the Magistrate Ruling, In Re Bit Torrent Adult Film Copyright Infringement Cases, Order and Recommendation, Case 2:11-cv-03995-DRH-GRB, Docket # 39, a copy of which is attached to the Request for Judicial Notice as Exhibit A.

The payment of court filing fees is mandated by statute. Specifically, the "district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350." 28 U.S.C. § 1914(a). Of that amount, "$190 shall be deposited into a special fund of the Treasury to be available to offset funds appropriated for the operation and maintenance of the courts of the United States." 28 U.S.C. §1931(1).

In multidistrict cases considering severance of cases, courts have noted that the filing fee has:

> two salutory purposes. First, it is a revenue raising measure. . . Second, §1914(a) acts as a threshold barrier, albeit a modest one, against the filing of frivolous or otherwise meritless lawsuits. Had each plaintiff initially instituted a separate lawsuit as should have occurred here, a fee would have been collected for each one. . . . Thus, the federal fisc and more particularly the federal courts are being wrongfully deprived of their due. By misjoining claims, a lawyer or party need not balance the payment of the filing fee against the merits of the claim or claims.

*In re Diet Drugs*, 325 F. Supp. 2d 540, 541-42 (E.D. Pa. 2004); see also *In re Seroquel Prods. Liability Litig.*, 2007 W L 737589, at * 2-3 (M. D. Fla. Mar. 7, 2007) (denying reduction of filing fees, noting the burden on the court and the "gate keeping feature of a filing fee").



Law Offices of Gary Marshall
9706 4th Ave. N.E., Suite 320
Seattle, Washington 98115-2157
Tel: (206) 524-0655

Several courts in similar cases involving BitTorrent protocol have also recognized the effect of a countenancing a single filing fee. One court described the "common arc of the plaintiffs' litigating tactics" in these cases:

> these mass copyright infringement cases have emerged as a strong tool for leveraging settlements–a tool whose efficacy is largely derived from the plaintiffs' success in avoiding the filing fees for multiple suits and gaining early access en masse to the identities of alleged infringers.

*Pacific Century*, 2012 W L 1072312, at * 3. Thus, the plaintiffs file a single case, and pay one filing fee, to limit their expenses as against the amount of settlements they are able to negotiate. Postponing a determination on joinder in these cases "results in lost revenue of perhaps millions of dollars (from lost filing fees) and only encourages plaintiffs in copyright actions to join (or misjoin) as many doe defendants as possible." *K-Beech, Inc. v. John Does 1-41*, 2012 WL 773683, at *5 (S.D. Tex. 2012).

In the related movie download cases before this Court, plaintiff has improperly avoided paying filing fees for 2,578 defendants by employing its swarm joinder theory. That amounts to $902,300 in filing fees that have not been paid. This is by itself a significant sum of money. If the reported estimates that hundreds of thousands of such defendants have been sued nationwide are at all accurate, plaintiffs in similar actions may be evading millions of dollars in filing fees. Nationwide, these plaintiffs have availed themselves of the resources of the court system on a scale rarely seen. They should not be permitted to profit without paying statutorily required fees.

**5. Defendant Has Have Standing to Bring This Motion Because It Has Been Named and Its Legal Rights are Affected**

Plaintiffs in similar cases in response to similar motions to quash have raised the argument that specific defendants have no standing to raise legal issues because they have not been named as parties in the lawsuit. This is simply not true. The Defendant bringing this motion has been named



Law Offices of Gary Marshall
9706 4th Ave. N.E., Suite 320
Seattle, Washington 98115-2157
Tel: (206) 524-0655

in the lawsuit as John Does with specific IP addresses. Each of these IP addresses is a reference is to a specific person who is identifiable. If that person were not identifiable there would be no point in bringing this lawsuit. The Plaintiff is merely using a synonym until it learns the individuals' legal names. It is seeking to subpoena personal information about each specific person. It should not be able to avoid due process and proceed without notice and opportunity to the defendants to be heard simply because the Plaintiff is currently using a synonym for the legal name of the defendants.

A party has standing to challenge a subpoena issued to the third party when the party has a personal or proprietary interest in the information sought by the subpoena.

"A motion to quash, or for a protective order, should generally be made by the person from whom the documents or things are requested." *Washington v. Thurgood Marshall Academy*, 230 F.R.D. 18, 21 (D.D.C. 2005) (quoting 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2459 (2d ed. 1995)). "A party generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege, propriety interest, or personal interest in the subpoenaed matter." Id.; accord *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997)

The Does have a personal or proprietary interest in their address, phone number, email address, and the other identifying details sought by the Plaintiffs. Congress has recognized that ISP subscribers have a privacy interest in the personally identifying information kept by ISPs. 47 U.S.C. §551 requires that an ISP subscriber be notified and given a chance to intervene before his identifying information is released to the Plaintiff.

> 47 U.S.C. §551 (c) (2) A cable operator may disclose such information if the disclosure is—
>
> …



Law Offices of Gary Marshall
9706 4th Ave. N.E., Suite 320
Seattle, Washington 98115-2157
Tel: (206) 524-0655

> (B) subject to subsection (h) of this section, made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed;

This process makes no sense if a subscriber lacks standing to bring any motions to prevent the release of his information.

## VI. Conclusion

The Internet is changing the rules by which all businesses must operate. The movie industry is no exception. But suing hundreds of thousands of possible movie downloaders and scaring them into quick settlements is not the way to adapt. For the reasons stated above, Plaintiff's Subpoenas to Various Defendant Does should be quashed and the Does should be dismissed from this case.

Dated this 6th day of May, 2013

Law Offices of Gary Marshall

By __/s/ Gary K. Marshall__________
Gary K. Marshall, WSBA # 15344
Attorneys for Defendant
Doe 45 with IP address 174.61.182.92

Certificate of Service

I hereby certify that on May 6 , 2013, I electronically filed this document with the Clerk, of the Court using the CM/ECF electronic filing, which will provide notice to all counsel of record herein.

/s/ Gary K. Marshall__________
Gary K. Marshall, WSBA # 15344
Attorneys for Defendant
Doe 45 with IP address 174.61.182.92



Law Offices of Gary Marshall
9706 4th Ave. N.E., Suite 320
Seattle, Washington 98115-2157
Tel: (206) 524-0655