# Exhibit E

**Frontier Law Group, PLLC**

## Frequently Asked Questions

Posted on April 2, 2013

### FREQUENTLY ASKED QUESTIONS

*-For settlement purposes only-*

## 1.  WHY AM I BEING SUED?

The Plaintiff has obtained evidence that you copied and/or shared its movie on the internet.  When you copy, download or share movies, music or other copyrighted material you are committing copyright infringement. The people that created that material went to great effort to create it and spent a significant amount of money to do so.  When someone owns a copyright, they are the only ones that have the legal right to copy or distribute copies of that material. If you contact us, we will inform you of the other content being downloaded/distributed using the IP address assigned to you at the time of the infringement.  In most cases, it is no only our clients copyrighted work that is being unlawfully distributed.

Copyright infringement has become a serious problem for movie studios and record companies because it deprives the people that make the movies and music a right to the income to which they are legally entitled. When you illegally copy and share movies, music, books or other copyrighted works, you are not only depriving the movie studio, record label or publisher of income, but also the actors, musicians, songwriters, and other folks that work hard on the project and are owed royalties.

Entertainment industry entities have often found that the only way they can stop or slow illegal copying and distribution is to file lawsuits and sue those that are infringing on their rights.  These lawsuits stop the conduct and deter others from the same.

## 2.  BUT THE DVD ONLY COSTS ABOUT $15, WHY AM I BEING ASKED TO PAY MORE THAN THAT?

US Copyright law allows for a jury to award up to $150,000 plus attorney's fees for each infringement of a copyrighted work in some cases; particularly where the infringement was "willful."  The Plaintiff believes that you knew that you were copying and sharing the file and therefore a court will be able to decide that you acted willfully.  Even if a court were to decide that you did not act willfully, a court can still award up to $30,000 per infringement, plus attorney's fees, which can be thousands or even hundreds of thousands of dollars.  Large awards are not unheard of.  For example, Sony BMG Music Entertainment v. Tenenbaum (D. Mass.) [1:07-cv-11446], a $675,000 jury verdict against a Boston University graduate student for illegally downloading and sharing 30 songs was upheld.  This means that the jury awarded $22,500 per illegally-shared song.

The Plaintiff is not out to try to make you pay $150,000 or even $30,000 at this time.  Rather, The Plaintiff wishes only to try to stop the ongoing illegal and viral copying of its film.  Unfortunately, it is very expensive to attempt to stop copyright infringement.  First, The Plaintiff has to hire an IT consulting company to find out when people infringe on its works.  This by itself is a time consuming and costly venture.  Next, The Plaintiff has to retain a law firm to file the lawsuit and a motion to the court asking for permission to serve subpoenas. Next, it has to serve the subpoenas and then write letters such as these once it received the information.  It takes significant human resources and expenses to coordinate and execute this effort.  Therefore, The Plaintiff must not only ask for settlements that are large enough to deter people from copying its movies, but it must also recoup the costs and expenses incurred in this effort.  The Plaintiff hopes that not only will they have a

chance at recouping its losses and costs, but it will have the effect of deterring the infringers and others from illegal copying in the future.

Considering the large expense it incurs to enforce its rights, and further that some cases have awarded as much as $22,500 per infringed work, the movie studio feels that asking for a nominal settlement offer is very reasonable.

### 3. DO I HAVE THE RIGHT TO GET AN ATTORNEY? WILL ONE BE APPOINTED FOR ME?

You certainly have the right to hire an attorney, and we encourage you to do so. However, because this is a civil case and not a criminal case, the court will not appoint an attorney for you, even if you can't afford one. If you decide to hire a private attorney please have him or her contact info@frontierlawgroup.net.

### 4. BUT IT WAS MY ROOMMATE, CHILD, RELATIVE OR OTHER PERSON LIVING IN MY HOUSE! WHY SHOULD I PAY?

You are involved in this lawsuit because the internet connection was identified by your ISP as being registered to you. It is likely that either you were responsible for the infringement or you may have authorized someone else to use your internet connection to infringe on Plaintiff's copyright. It may be that you should have taken steps to prevent the infringing conduct from occurring. If so, then Plaintiff believes that you could be held responsible for the infringement. You are advised to seek independent legal advice from a professional if any of this is unclear to you.

If you would like to sign an affidavit naming the person and testifying to the fact that the person committed the infringement, The Plaintiff will consider not pursuing you and add that person's name to the lawsuit. Another option would be for you to ask that person to split the settlement costs. However, if it was your child or minor dependent, you may be held legally responsible for their actions. You are advised to seek independent legal advice from a qualified attorney in the first instance.

### 5. WHAT HAPPENS IF I DON'T PAY OR CAN'T AFFORD TO PAY?

If you do not settle the case and Plaintiff considers you should be held responsible for the infringement, your name may be added to the complaint and you may be sued. The requested settlement amount will continue to rise because Plaintiff will continue to incur more expenses. You should consult an attorney to learn more about what it means to be sued and what happens if you lose and The Plaintiff obtains a judgment against you.

If you would like to settle but cannot afford to pay, payment arrangement may be available. The Plaintiff may choose to work with you by allowing you a little more time to pay if you can provide evidence of your financial hardship. This will require that you provide significant documentation and sign an affidavit, under the penalty of perjury, attesting to your financial circumstances, including total household income, all assets, all debts and household expenses.

### 6. I HAVE DOWNLOADED AND SHARED OTHER MOVIES OR MUSIC. WILL I BE SUED FOR THOSE TOO?

The Plaintiff cannot control what other copyright owners do. However, if you do not settle, your name and address may be added to the lawsuit and thus the alleged infringement will become a matter of public information. In addition, if the lawsuit persists, your computer may be open to discovery and investigated for infringing works. It is certainly possible that other movie companies, record companies or other copyright holders choose to investigate you and file their own lawsuits, and the fact that your information is public would make it easier for them to do so.

The Plaintiff as you know, takes the enforcement of its rights seriously, and therefore it may choose to file new

claims against you if it discovers that you infringed on more than one of its works. If you have done so, you may wish to consult an attorney and propose a global settlement for all of your infringements. If this law firm represents other copyright owners whose works you infringed, we would be happy to talk to you about settling those cases as well.

### 7.  I HAVE NO IDEA WHAT YOU ARE TALKING ABOUT.  I HAVE NEVER EVEN HEARD OF THIS MOVIE OR A BITTORRENT!

The Plaintiff believes that your internet account was used to copy and distribute the file and we have the evidence to prove it. Therefore, if it was not you, it may be someone that you authorized to use your internet to infringe on Plaintiff's movie. In either case, you may held responsible if you failed to supervise your account and knowingly allowed it to be used for illegal means. If you think it was a roommate or child, see number 4 above. If you can prove you did not do it, feel free to contact us and provide the evidence. Otherwise, The Plaintiff will likely pursue the allegations and conduct further discovery to obtain additional evidence, if it is likely to assist with identifying the true infringer.

### 8.  I WANT TO SETTLE.  WHAT DO I NEED TO DO?

a.      Request a settlement agreement from **info@frontierlawgroup.net** or call **Paralegal Lorri Day at 253-234-7354.** You will then need to <u>SIGN</u> and <u>DATE</u> the Settlement and Release Agreement and Return it to Frontier Law Group along with settlement funds.

1. You may make payment by cashiers check or money order (made out to Frontier Law Group, PLLC or request a form to pay by credit/debit card.

- Once we have received both 1) payment and 2) the signed settlement and release agreement, you will receive confirmation and The Plaintiff will drop your name from the lawsuit.

### 9.  I HAVE OTHER QUESTIONS, WHAT DO I DO?

-You can talk to a private attorney. You are encouraged to do so.

Posted in uncategorized

---

**Frontier Law Group, PLLC**
       *Theme: Twenty Ten*     *Blog at WordPress.com.*