# Exhibit D

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DOES 1-96,<br><br>　　　　Defendants. | Case No.: C-11-03335 JSC<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR DISCOVERY PRIOR TO RULE 26(f) CONFERENCE** |

　　This case is one of several "mass copyright" cases filed in this District on behalf of various plaintiffs against hundreds of doe defendants accused of using BitTorrent technology to illegally download copyrighted files from the internet. See, e.g., Boy Racer v. Does 2–52, Case No. 11–2834-LHK (PSG); Boy Racer v. Does 1-52, Case No. 11-2329-PSG; Pacific Century Int'l, Ltd. v. Does 1–101, Case No. 11–2533-DMR; Pacific Century Int'l, Ltd. v. Does 1-129, Case No. 11-3681-HRL; MCGIP, LLC v. Does 1–149, Case No. 11–2331–LB; Hard Drive Productions, Inc. v. Does 1-166, Case No. 11-03682-LHK (HRL); Hard Drive Productions, Inc. v. Does 1–188, Case No. 11–1566–JCS; Hard Drive Productions, Inc. v. Does 1-118, Case No. 11-01567-LB.

EXHIBIT D

Plaintiff seeks limited discovery ex parte under Federal Rule of Civil Procedure ("FRCP") 26(d) and FRCP 45 in order to discover the identities of the ninety-six Doe Defendants named in this suit. For the reasons explained below, Plaintiff's application is DENIED without prejudice.

I. Background

Plaintiff alleges that the ninety-six (96) Doe Defendants ("Defendants") used BitTorrent, an internet peer-to-peer ("P2P") file sharing network, to illegally reproduce and distribute Plaintiff's copyrighted work—"Sexual Obsession"—in violation of the Copyright Act, 17 U.S.C. § 101 et seq. (Complaint at ¶¶25-31, Dkt. No. 1.) Plaintiff further alleges that by using the BitTorrent program to download and distribute Plaintiff's content, each Defendant likewise committed civil conspiracy. (Id. at ¶¶32-38.) Because Defendants' conduct occurred behind the mask of their anonymous internet protocol ("IP") addresses, Plaintiff cannot identify Defendants without leave to subpoena Defendants' internet service providers ("ISPs") for the identity of the individual or entity related to each IP address. Plaintiff claims that "[w]hen provided with a Doe Defendant's IP address and the date and time of the infringing activity, an ISP can accurately identify the Doe Defendant . . . because such information is contained in the ISP's subscriber activity log files." (Dkt. No. 6 at 3:24-27.) Consequently, Plaintiff asks the Court to grant expedited discovery to issue subpoenas to the relevant ISPs to require the ISPs to disclose the name, address, telephone number, and email address for each Defendant's IP address.

//

//

II.  Discussion

Under FRCP 26(d)(1), discovery is not permitted without a court order prior to a conference between the parties as required by FRCP 26(f) and then only upon a showing of "good cause." Semitool, Inc. v. Tokyo Electron American, Inc., 208 F.R.D. 273, 275 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id. at 276.

When a defendant's identify is not known at the time a complaint is filed, courts often grant plaintiffs early discovery to determine the doe defendants' identities "unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). In Gillespie, for example, the Ninth Circuit held that the district court abused its discretion in denying early discovery because it was "very likely" that the requested early discovery—interrogatories directed to named defendants—would "have disclosed the identities of the 'John Doe' defendants." Id. at 643; see also Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie that "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds"); Coreno v. Hiles, 2010 WL 2404395 at *3 (S.D. Cal. June 14, 2010) (quoting Gillespie and allowing early discovery because it is "very likely" the requested discovery will uncover the unknown defendants' identities); Young v. Transportation Deputy Sheriff I, 2009 WL 2011201 at *1 (9th Cir. July 6, 2009) (finding that "plaintiff should be given the opportunity through discovery to identify

3

the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds").

Thus, under <u>Gillespie</u>, the question is whether the early discovery Plaintiff seeks in this action would be "very likely" to reveal the identities of Defendants.[1] Based on new information on the success of such early discovery in a similar case, the Court concludes that the requested discovery is not likely to reveal the identities of the doe defendants. In <u>Boy Racer, Inc. v. Does 1-52</u>, Case No. 11-2329-PSG (N.D. Cal), another BitTorrent case with nearly identical facts to the case at hand, the same counsel representing Plaintiff here filed a request for the same type of early discovery; namely, subpoenas on the ISPs. (<u>Id.</u>, Dkt. No. 6.) The court granted the motion in order to allow plaintiff to uncover the identity of defendant Doe 1 by subpoenaing the relevant ISP for identifying information linked to Doe No. 1's IP address. (<u>Id.</u>, Dkt. No. 8.) The court subsequently noted that its decision was based on plaintiff's representation that "if the court would simply authorize it, the plaintiff can issue a targeted subpoena to the internet service provider associated with each IP address and secure the subscriber information associated with each address . . . [and] proceed to name the defendants in the conventional manner and serve each defendant, so that the case may proceed to disposition." (<u>Id.</u>, Dkt. No. 17 at 2:8-10.)

Despite this early discovery, the plaintiff was not able to learn the identity of Doe No. 1 as anticipated. In fact, the plaintiff later informed the court that "still more discovery was required" including "an inspection of the subscriber's electronically stored information and

---

[1] The Court need not and does not reach the next level of the <u>Gillespie</u> inquiry as to whether the complaint would be dismissed on other grounds.

tangible things, including each of the subscriber's computer and the computers of those sharing his internet network." (Id., Dkt. No. 17 at 3:3-5.) The plaintiff conceded that the subscriber identifying information revealed by the ISP discovery "does not tell Plaintiff who illegally downloaded Plaintiff's works, or, therefore, who Plaintiff will name as the Defendant in this case. It could be the Subscriber, or another member of his household, of any number of other individuals who had direct access to Subscribers network." (Id., Dkt. No. 14 at 2:17-20.) The plaintiff thus explained that in order to name the doe defendant it would require further discovery, including inspection of the identified subscriber's computer, "and all of those computers that subscriber has reasonable control over/access to, for the limited purpose of discovering who accessed the BitTorrent protocol, entered a swarm containing a File with Plaintiff's copyrighted video, and unlawfully downloaded it." (Id. at 2:23-26.) The plaintiff would also likely require depositions, interrogatories, and other discovery methods. (Id. at 3:1-2.) Only after these discovery efforts could the plaintiff effectuate service and identify the doe by name. (Id. at 3:3.) Indeed, the plaintiff moved for permission to serve a subpoena on the subscriber for a deposition, and if that did not yield sufficient information to name Doe No. 1, a second subpoena to inspect the subscriber's premises. If that subpoena likewise failed to reveal sufficient information, the plaintiff sought a third subpoena for production of electronically stored information. (Id., Dkt. No. 18.)

As the issues here are identical to those in <u>Boy Racer</u>, Plaintiff faces the same hurdles as <u>Boy Racer</u>: granting Plaintiff's motion for early discovery will not give Plaintiff sufficient information to name any—let alone all—of the 96 does as a defendant in this case. Such discovery is only the first step in Plaintiff's attempt to identify persons to name and serve as

defendants in this case. Since the requested subpoenas will not, in fact, identify the doe defendants, Plaintiff's motion for early discovery is DENIED. See Gillespie, 629 F.2d at 642.

This denial is without prejudice to Plaintiff making a new motion to seek discovery that is, in fact, "very likely" to enable Plaintiff to identify the doe defendants. Such motion, however, would have to demonstrate "good cause" for the discovery sought, including that Plaintiff's need for the discovery outweighs the prejudice to the respondent in having to respond to such requests in a case in which Plaintiff claims each doe defendant downloaded a single copyrighted file which retails on the internet for $24.99. (Dkt. No. 11-1 at 3.) The Court notes that at least one other court has declined to find good cause to authorize such discovery in nearly identical circumstances. Boy Racer v. Does 1-52, Case No. 11-2329-PSG, Dkt. No. 21.

This Order disposes of Docket No. 6.

**IT IS SO ORDERED.**

Dated: September 27, 2011

                                    JACQUELINE SCOTT CORLEY
                                    UNITED STATES MAGISTRATE JUDGE