# Exhibit E

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| VOLTAGE PICTURES, LLC, ) | |
| ) | |
| Plaintiff, ) | Nos.  6:13-cv-290-AA, 2:13-292-AA, 1:13-293-AA, 3:13-295-AA |
| ) | |
| v. ) | ORDER |
| ) | |
| DOES 1-198, DOES 1-12, DOES 1-34 ) DOES 1-371 ) | |
| ) | |
| Defendants. ) | |
| ) | |

AIKEN, Chief Judge:

Plaintiff Voltage Pictures instituted these actions on February 19, 2013, asserting copyright infringement against a large number of users of various BitTorrent clients, identified only by their internet protocol (IP) addresses. Plaintiff alleges defendants collectively interconnected to illegally copy and

1 - ORDER

distribute plaintiff's motion picture. On February 22, 2013, the court granted plaintiff's motion to expedite discovery so that plaintiff could subpoena the various internet service providers (ISP) for identity of the account holders associated with each IP address of the alleged infringers. The court also ordered plaintiff to amend the complaints within 45 days to name the Doe defendants or seek an extension. To date, plaintiff has not amended the complaints with identification of the defendants or sought an extension to do so. Accordingly, plaintiff is ordered to show cause why the cases should not be dismissed for failure to follow a court order.

In addition, the court is mindful of the growing popularity of copyright holders to use courts as tool for identifying alleged infringers as a means to seek quick settlements without actually litigating the cases in court. The failure to amend the complaints in these cases leads the court to suspect that plaintiff in this case may be seeking to use the this court in such a manner while keeping the litigation costs to minimum.

Indeed, by filing against hundreds of Doe defendants in one case in each division, plaintiff has only had to pay $1,400 in filing fees as opposed to $215,250 if each case were pursued individually. Plaintiff justifies filing in this manner by alleging that joinder is permissive in these actions because plaintiff's claims arise out of the same occurrences or

2 - ORDER

transactions or series of occurrences or transactions with questions of law and fact common to each defendant. However, the court's further review of these cases necessitated by plaintiff's failure to timely amend reveals that this may not be the case.

Under Federal Rule of Civil Procedure 20, joinder is proper if (1) plaintiff's claims arising out of the same transactions and occurrences and (2) some question of law or fact is common to all the defendants will arise in the action. See Fed. R. Civ. P. 20(a); Desert Empire Bank v. Insurance Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980). Even if these requirements are met, a district court must examine whether permissive joinder would "comport with the principles of fundamental fairness" or would result in prejudice to either side. Desert Bank, 623 F.2d at 1375.

Despite plaintiff's allegations of commonality, the file sharing protocols used in these cases can result from largely varying methods, time and places. Peer to peer file sharing has evolved from the direct attachment to another computer to copy entire files to the use of trackers, BitTorrent clients, and torrent files to allow users to connect to nearly an unlimited amount of computers to share bits and pieces of a file that are reconstructed to constitute the whole file over differing time periods and even using different computers or devices to finally accomplish the task. Such files may be an image of the files on a DVD whose encryption has been circumvented or the individual files

3 - ORDER

that are stored on a DVD and read back through a DVD player or computer software designed to read the files. Other than the original uploader who allegedly circumvented the encryption and provided the files to start the process, it is not necessary for any participant in the swarm of users downloading/uploading the files to share any one entire file.

Indeed, depending on the client used and the rules of a given tracker, it is possible to only download and not otherwise share any pieces of the file. In addition, it is not necessary for any one participant to remain connected so that any other participant may complete the process to download the entire file(s).[1] Moreover, not all participants in the process necessarily connect to each other even when present to download/upload. There are many reasons why certain users may never connect to one another that could include firewall settings, ISP restrictions, etc. Furthermore, users may participate in the process without ever completing a download leaving them with useless pieces of allegedly copyrighted materials. Accordingly, there could be a variety of facts uncommon to the alleged infringers. Conceivably, there could be different legal theories of defense and perhaps even conflicting defenses.

---

[1] The court is aware that certain clients permit users to download viewable/listenble portions without downloading the whole file or group of files, but this just further demonstrates the potential lack of commonality in these cases.

4 - ORDER

The exhibits to the complaints demonstrate that the Doe defendants participated in the process sometimes months apart from each other and from up to hundreds of miles away utilizing many different ISPs and different BitTorrent clients. The court has reservations over the propriety of joinder, especially given the apparent use of this court merely as a means to identify the alleged infringers for purposes of seeking cheap and easy settlement. The mere indication of participation in the peer to peer process via use of a BitTorrent client weakly supports the allegations of permissible joinder in these cases. Nonetheless, the court would likely exercise its discretion to sever defendants given the potential varying defenses and the confusion and delay that would entail.

Further support for severance could be justified by the potential misuse of the subpoena powers of the court to facilitate demand letters and coerce settlement rather than ultimately serve process and litigate the claims.[2] As noted above, plaintiff has saved hundreds of thousands of dollars through the use of joinder in a case where service on the vast majority of defendants may not occur. Accordingly, in addition to showing cause as to why the

---

[2]One potential plaintiff in the 3:13-295 case has already filed an answer, despite lack of service, after having been notified of the subpoena by her ISP on March 6, 2013. The answer indicates that the ISP provided identifying information to plaintiff on March 21, 2013.

5 - ORDER

cases should not be dismissed for failure to follow a court order, plaintiff is ordered to show cause why defendants should not be severed and plaintiff required to pay the requisite filing fees to pursue a case against each individual defendant.

## CONCLUSION

For the reasons stated above, plaintiff shall show cause in writing, within 10 days, as to why these cases should not be dismissed for failure to follow a court order and why defendants should not be severed, requiring the filing of individual complaints.

DATED this 10 day of April, 2013.

_____
Ann Aiken
United States District Judge

6 - ORDER