Hon. Robert S. Lasnick

**UNITED STATE DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| RIDING FILMS, INC., <br><br>       Plaintiff, <br>v. <br><br>DOES 1-65, <br><br>       Defendants. | NO. 2:13-CV-00288 <br><br>DEFENDANT JOHN DOE 64'S MOTION TO RECONSIDER AND VACATE ORDER GRANTING LEAVE FOR PRELIMINARY DISCOVERY, AND TO SEVER AND DISMISS JOHN DOE 64 <br><br>NOTE ON MOTION CALENDAR: MAY 13, 2013 |

**<u>DEFENDANT DOE 64'S MOTION TO RECONSIDER AND VACATE ORDER</u>**

**<u>GRANTING LEAVE FOR PRELIMINARY DISCOVERY, AND TO DISMISS DOE 64</u>**

Defendant's Motion for Reconsideration- 0

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331   Fax: 206.701.0332
© 2013 Matesky Law

Defendant John Doe 64,[1] through counsel, respectfully moves the Court to reconsider and vacate its Order Granting Leave for Preliminary Discovery (Dkt No. 7), and to sever and dismiss Doe 64 from this action, pursuant to Fed. R. Civ. P. 54(b) and L.R. 7(h).

## I.   **INTRODUCTION**

This suit is "one of forty-eight copyright infringement actions filed during a four month period by attorney Richard J. Symmes against approximately 2,323 individual Doe defendants." *See R & D Film 1, LLC v. Does 1-41*, Case No. C13-0052RSL (W.D. Wash. May 9, 2013). Despite their number, Mr. Symmes's suits are a mere flurry in the "nationwide blizzard of civil actions" filed by film companies against John Doe defendants based solely on IP Addresses.

By now, the plot is familiar.  Act I: Plaintiff sues "John Does" defendants and uses federal subpoena power to obtain the names of internet subscribers associated with certain IP Addresses; Act II: Plaintiff contacts subscribers and uses the threat of statutory damages and attorney fees to pressure subscribers into settlement payments, regardless of whether subscribers engaged in the alleged infringement.  Act III: When no more settlements can be collected without litigating, file the sequel in a new judicial district.  However, more and more courts are refusing to play the role cast for them in this extra-judicial extortion plot.

Defendant Doe 64 respectfully asks this Court to do the same.

---

[1] Plaintiff does not identify "John Doe 64" with specificity.  In this motion, "John Doe 64" refers to the named subscriber on the internet service account associated with IP Address 24.19.175.144.

Defendant's Motion for Reconsideration- 1

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331   Fax: 206.701.0332
© 2013 Matesky Law

## II.     BACKGROUND

Plaintiff Riding Films, Inc. ("Plaintiff") filed this suit on February 14, 2013, and 6 other nearly identical suits in a two-day span. (Compl., Dkt No. 1). In the last 6 months, Plaintiff has filed 16 other nearly-identical suits in 6 other U.S. district courts across the country. (Matesky Decl., Ex. B.) Plaintiff's counsel has filed nearly 50 other suits in this Court on behalf of 9 ostensibly unrelated plaintiffs, all containing nearly-identical allegations against multiple John Doe Defendants.

Plaintiff "identifies" Defendants only by IP Address. (Am. Compl., Dkt. No. 9, ¶ 58, Ex. A.) For example, the Amended Complaint identifies John Doe 64 as IP Address 24.19.175.144, allegedly observed distributing the work at issue using the μTorrent 3.1.3 client, in Skagit County, at 01:03:55 PM on October 23, 2012. (*Id.*) Despite specific allegations regarding the knowing and willful nature of each Defendant's infringement, (Am. Compl. ¶¶ 9-11), Plaintiff admits it cannot identify any Defendant by name. In fact, Plaintiff admits that it cannot even identify whether any defendant is a natural person, corporation, or some other entity. (Am. Compl. ¶ 24.) Plaintiff alleges its intent to seek the identity of the <u>account holders</u> for identified IP Addresses. (Am. Compl. ¶ 26.)

Plaintiff promptly requested permission to serve subpoenas on ISPs "so that the ISPs can divulge the true name, address(es), telephone number(s), e-mail address(es), and MAC address of each <u>Doe Defendant</u> that Plaintiff has identified to date…" (Pl.'s Mot., Dkt. No. 3, at 6 (emphasis added).) Thus, Plaintiffs motion simply conflates account holders with Defendants, without

Defendant's Motion for Reconsideration- 2

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331   Fax: 206.701.0332
© 2013 Matesky Law

explanation of how ISPs would identify who <u>used</u> a particular IP Address at any given time.

On February 25, 2013, the Court granted Plaintiff's motion *ex parte*. (Order, Dkt. No. 7.) On April 12, 2013, Comcast sent Doe 64 a letter stating that Doe 64 had been "identified" in a lawsuit "for allegedly infringing [Plaintiff's] copyrights on the Internet," and that Comcast would provide identifying information for Doe 64 unless it received written notice, by May 13, 2012, that Doe 64 had filed a motion to quash or vacate the subpoena. (Matesky Decl. ¶ 3, Ex. A.)

### III. ARGUMENT

The Court should vacate its order authorizing early discovery and dismiss Doe 64 because **(A)** Doe 64 could not have submitted the relevant facts and authority earlier, and **(B)** Plaintiff failed to demonstrate "good cause" for pseudonymous pleading and early discovery in this matter.

#### A. Defendant's Motion for Reconsideration is Proper Because Defendant Had No Prior Opportunity to Present Applicable Facts and Authority

The Court may revise an interlocutory order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see also Smith v. Massachusetts*, 543 U.S. 462, 475 (2005) ("A district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment.").

Nevertheless, motions for reconsideration are generally disfavored, except upon "a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." L.R. 7(h)(1). Motions for reconsideration are not "intended to provide litigants with a second bite at the apple." *Aronson v. Dog Eat Dog Films, Inc.*, 738 F.Supp.2d 1104, 1118 (W.D. Wash. 2010). However, due to the *ex parte* nature of prior proceedings, Doe 64 never

Defendant's Motion for Reconsideration- 3

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331   Fax: 206.701.0332
© 2013 Matesky Law

got a first bite at the apple. Accordingly, all of the facts and authority herein are "new" and could not have been brought to the Court's attention earlier, and the standard set by L.R. 7(h) has been met.

    A.    **Plaintiff Has Not Established Good Cause For Pseudonymous Pleading and Early Discovery**

The Court should vacate its order authorizing early discovery and dismiss Doe 64 because Plaintiff **(1)** has failed to identify Defendants with any specificity, **(2)** Plaintiff's suit cannot withstand a motion to dismiss for improper joinder, **(3)** Plaintiff cannot demonstrate a reasonable likelihood of being able to identify Defendants through discovery, and **(4)** Plaintiff has pursued discovery for an improper purpose.

The Ninth Circuit disfavors pseudonymous pleading. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.1980). Indeed, the Federal Rules of Civil Procedure contain no provision allowing use of fictitious parties. Moreover, under Fed. R. Civ. P. 26(d)(1), discovery is not permitted without court order prior to a conference between the parties as required by Fed. R. Civ. P. 26(f). Nevertheless, "[i]n rare cases, courts have made exceptions, permitting limited discovery to ensue after the filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Diabolic Video Prods., Inc. v. Does 1-2099*, 10-CV-5865-PSG, at 1 (N.D. Cal. May 31, 2011) (quoting *Columbia Ins. Co. v. Seescandy.com,* 185 F.R.D. 573, 577 (N.D. Cal. 1999)); s*ee also Wakefield v. Thompson,* 177 F.3d 1160 (9th Cir. 1999)*; Gillespie,* 629 F.2d 637. However, "such exceptions to the general rule against expedited discovery are disfavored." *Diabolic,* 10-CV-5865-PSG at 4 (citing *Wakefield,* 177 F.3d at 1162).

Defendant's Motion for Reconsideration- 4

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331   Fax: 206.701.0332
© 2013 Matesky Law

District courts within the Ninth Circuit have considered the following criteria in determining whether "good cause" exists to justify pseudonymous pleading and early discovery: **(1)** the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court. *Hard Drive Prods., Inc. v. Does 1-90*, No. C11-03825 HRL at 3 (N.D. Cal. Mar. 30, 2012) ("*Hard Drive II*"); *Columbia Ins*, 185 F.R.D. at 578-80; **(2)** the plaintiff has identified all previous steps taken to locate the elusive defendant. *Id.*; **(3)** the plaintiff's suit against defendant could withstand a motion to dismiss. *Id.*; *Wakefield*, 177 F.3d at 1163 (citing *Gillespie*, 629 F.2d at 642); **(4)** the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible. *Hard Drive II*, No. C11-03825 HRL at 3-4; *Columbia Ins.*, 185 F.R.D. at 580; *Wakefield*, 177 F.3d at 1163 (citing *Gillespie*, 629 F.2d at 642); and **(5)** the plaintiff is pursuing early discovery for a proper intent. *Renaud v. Gillick*, C06-1304RSL, at 4 (W.D. Wash. Jan. 8, 2007) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Plaintiff has failed to demonstrate good cause meeting these criteria.

### 1. Plaintiff Has Not Identified Any Defendant With Specificity

Plaintiff provides no information regarding the Defendants, and instead only provides information regarding the service allegedly used to infringe. A plaintiff must identify a pseudonymous defendant with "sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *See, e.g., Hard Drive II,*

Defendant's Motion for Reconsideration- 5

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331   Fax: 206.701.0332
© 2013 Matesky Law

No. C11-03825 HRL at 3; *Columbia Ins*, 185 F.R.D. at 578.

For example, in *Wakefield*, the plaintiff identified "John Doe" with specificity. He was a prison officer who had personally interacted with plaintiff, and that interaction gave rise to the plaintiff's claims. 177 F.3d at 1162. In short, the plaintiff knew who John Doe was; he just didn't know John Doe's name. Similarly, in *Gillespie*, the plaintiff identified the superintendents of specific prisons and U.S. Marshals involved in his custody transfer as John Does. Thus, the only issue was nailing down the names of individuals holding particular identified positions, and the plaintiff proposed discovery that was "very likely" to do so. 629 F.2d at 643.

The present case is fundamentally different. Plaintiff has identified IP addresses, but does not know who any Defendants are, and cannot even identify whether Defendants are individuals, corporations, or other entities. (Compl. ¶ 24; Am. Compl. ¶ 24.) Plaintiff cannot identify any Defendant by name, appearance, position, reputation, alias, or otherwise. As numerous courts have recognized, there is no way for Plaintiff to know whether the Defendant is the subscriber associated with an IP address, a house guest, a family member, a neighbor, or some adept Internaut spoofing the IP address. *Hard Drive II*, No. C11-03825 HRL at 5 ("Multiple people may, and often do, use a single ISP subscription-family members, roommates, guests, or other individuals (unknown to the subscriber) who access the internet using any unprotected wireless signals they can find. The named ISP subscriber may or may not be the infringer."); *AF Holdings LLC v. Doe*, 2:12-cv-08325-ODW-JC, at 1-2 (C.D. Cal. Oct. 19, 2012) ("An IP address alone may yield subscriber information, but that may only lead to the person

Defendant's Motion for Reconsideration- 6

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331   Fax: 206.701.0332
© 2013 Matesky Law

paying for the internet service and not necessarily the actual infringer, who may be a family member, roommate, employee, customer, guest, or even a complete stranger.").

Recognizing this deficiency, at least one court has dismissed a near-verbatim copy of the Amended Complaint filed in this case.  *See Voltage Pictures LLC v. Does 1-18, et. al.*, Case No. 1:13-CV-819-RLV (S.D. Ga. Apr 18, 2013) ("*Voltage Pictures Georgia*") ("[T]he plaintiff in each of these six cases has not adequately described the 'John Doe' defendants. In this court's opinion, an 'IP address' without more does not adequately identify or describe a potential defendant."). In light of the identical failures in this suit, the Court should do the same.

    **2.**    **Plaintiff's Complaint Cannot Withstand a Motion to Dismiss for Improper Joinder.**

Plaintiff's Amended Complaint cannot survive a motion to dismiss because it improperly joins numerous unrelated defendants.  Multiple defendants may be joined in a single suit where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20.  Even if these conditions are met, though, a court may still sever defendants as a matter of discretion.  *On the Cheap, LLC v. Does 1-5011,* 280 F.R.D. 500, 503 (N.D. Cal. 2011).  Such decision may be made *sua sponte* or on a party's motion.  *Id.*

    **a.**    **Joinder is Improper Because a BitTorrent "Swarm" is Not a Single Transaction, Occurrence, or Series**

Defendant's Motion for Reconsideration- 7

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331   Fax: 206.701.0332
© 2013 Matesky Law

Plaintiff's Complaint is predicated on the theory of "swarm joinder." In other words, Plaintiff contends the alleged acts of infringement by numerous Defendants, using numerous different IP Addresses, multiple different BitTorrent clients, taking place over a sometimes broad time period, in many different cities, constitute a single transaction, occurrence, or series of transactions or occurrences. While some courts have accepted this theory of joinder, "[t]he number of courts holding that swarm joinder is not appropriate is growing." *Voltage Pictures, LLC, v. Does 1-198, et. al.*, 2:13-cv-00292 (D. Or. May 4, 2013) ("*Voltage Pictures Oregon*"); *see also Raw Films, Inc. v. Does 1-32*, 2011 WL 6840590, *2 (N. D. Ga . Dec. 29, 2011) (Swarm joinder "has been considered by various district courts, the majority of which have rejected it.").[2]

Judge Aiken recently explained the deficiencies in the swarm joinder theory in *Voltage Pictures Oregon,* based on a complaint that is a near-verbatim copy of the Complaint in this case:

> Plaintiff must allege facts that permit the court to at least infer some actual, concerted exchange of data between the Doe defendants… [T]he various users utilized differing ISPs in cities all over the State of Oregon. There is no allegation that the users associated with each IP address left their bitTorrent clients open continually downloading and uploading the protected work over these months-long periods of time. Indeed, it stretches credulity to suggest as much. The complaints merely suggests that the Doe defendants committed the same type of violation in the same way. While there may be the same type of transaction or occurrence in plaintiffs' infringement claims and certainly questions of law common to all defendants, the varying time periods, as well as a myriad of issues that may individually impact

---

[2] Indeed, numerous district courts within the Ninth Circuit have rejected the swarm joinder theory. *Third Degree Films v. John Does 1-4*, 280 F.R.D. 493, 496 (D. Ariz. 2012); *Diabolic*, 10-CV-5865; *AF Holdings v. Does 1-97*, C-11-03067 (N.D. Cal. July 20, 2011); *Hard Drive II*, C11-03825 HRL; *Hard Drive Prods., Inc. v. Does 1-188,* No. CV-11-01566, 2011 WL 3740473, at *13 (N.D. Cal. Aug. 23, 2011) ("*Hard Drive I*").

Defendant's Motion for Reconsideration- 8

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331   Fax: 206.701.0332
© 2013 Matesky Law

defendants, at a minimum, suggest a lack of fundamental fairness when joining all defendants into a single action.

2:13-cv-00292, at 5-6.

Not surprisingly, the same defects are present in this case.  The Defendants are alleged to reside in locations ranging from Camas in Clark County, to Bellingham in Whatcom County.  (Compl., Ex. A.)  They are alleged to have use multiple different client services, including various versions of µTorrent, Vuze, BitTorrent, BitComet, BitTornado, Deluge, Miro, and libtorrent.  (*Id.*)  They are alleged to have used multiple different internet service providers, including Comcast Cable, Frontier Communications, Clearwire Corporation, Charter Communications, Century Link, Wave Broadband, and CenturyTel Internet Holdings.  (*Id.*)

Crucially, Plaintiff does not allege that any particular Defendant distributed any infringing material to any other particular Defendant.  Indeed, given the "snapshot" nature of the allegations, the Complaint does not even allege that any two Defendants were engaged in sharing the work at the same time.  Rather, Plaintiff simply alleges that numerous Defendants engaged in infringing acts, using similar technology, and it happened to take place within the same judicial district, and the same general time frame.  This is insufficient to justify joinder under Rule 20.  *See Pac. Century Int'l Ltd. V. Does 1-101*, No. C-11-02533-(DMR) (N.D. Cal. Jul. 8, 2011).

### b.     Joinder Prejudices the Public and Doe Defendants

Even if permissive joinder under Rule 20 were allowable, the Court should still sever the Doe Defendants because their joinder prejudices the public and Doe Defendants.  A court must

Defendant's Motion for Reconsideration- 9

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331   Fax: 206.701.0332
© 2013 Matesky Law

evaluate whether joinder comports with fundamental fairness or causes prejudice to either side. *See Voltage Pictures Oregon,* 2:13-cv-00292, at 5-6; *On the Cheap*, 280 F.R.D. at 503.  Plaintiff joins numerous Defendants together so it can keep its own costs down, both by evading hundreds of thousands of dollars in filing fees and by using cookie-cutter documents applied equally to thousands of diverse Defendants.  This prejudices the public by depriving the Court of filing fees while clogging the Court's docket.  Meanwhile, each account subscriber must bear the cost of defense or pay a quick settlement, regardless of actual culpability.  *See IO Group, Inc. v. Does 1-435,* Case No. 10-4382-SI, at 9 (N.D. Cal. Feb. 3, 2011) ("Plaintiff's motive for seeking joinder, therefore, is to keep its own litigation costs down in hopes that defendants will accept a low initial settlement demand.").  However, this "does not justify perverting the joinder rules to first create the management and logistical problems discussed above and then offer to settle with Doe defendants so that they can avoid digging themselves out of the morass plaintiff is creating." *On the Cheap*, 280 F.R.D. at 503.

### 3. Plaintiff Has Not Shown That Discovery Would Identify Defendants for Naming and Service

Plaintiffs have not shown that the requested early discovery is likely to lead to naming and serving any Defendant.  "[T]he plaintiff should file…a statement of reasons justifying the specific discovery requested as well as identification of a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." *Columbia Ins.*, 185 F.R.D. at 580.

Defendant's Motion for Reconsideration- 10

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331   Fax: 206.701.0332
© 2013 Matesky Law

In *Wakefield*, the plaintiff explained that the John Doe defendant's true name could be obtained "by inspecting the parole papers that the plaintiff signed at the time of his release' and the 'Duty Roster for that day.'" 177 F.3d at 1162 n.4.  Similarly, in *Gillespie*, the court held "[i]t was very likely that the answers to the interrogatories [proposed by the plaintiff] would have disclosed the identities of the 'John Doe' defendants."  629 F.2d at 642-43.

In contrast, Plaintiff has provided no explanation of how ISPs could identify Defendants. (Pl.'s Mot., Dkt. No. 3.)  At best, ISPs could identify the named subscriber for an account associated with an IP address.  In fact, Plaintiff has served subpoenas requesting "all" names, emails, and addresses associated with the IP Addresses, despite the Court only authorizing subpoena's requesting such information for "Defendants."  (Matesky Decl. ¶ 3, Ex. A at 3; Order, Dkt. No. 7.)   While such discovery may enable Plaintiff to coerce settlements, it does not enable naming and serving of "Defendants."

### 4. Plaintiff Has Sought Discovery for an Improper Purpose

The Court should vacate its order authorizing early discovery because Plaintiffs have sought such discovery in order to coerce settlements from account subscribers without any basis for believing such subscribers are Defendants or otherwise culpable.  "[D]iligence and the intent of the moving party [are] the *sine qua non* of good cause." *Renaud v. Gillick*, C06-1304RSL at 4 (W.D. Wash. Jan. 8, 2007) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).  Moreover, the "good cause" standard is designed to "prevent use of this method to harass or intimidate."  *Columbia Ins.,* 185 F.R.D. at 578.

Defendant's Motion for Reconsideration- 11

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331   Fax: 206.701.0332
© 2013 Matesky Law

This Court's concerns regarding "the possibility that the judicial authority of the United States may be used to wrest improvident settlements from pro se litigants under threat of huge statutory penalties" are well-founded. *See R & D Film 1*, Case No. C13-0052RSL, at 2. Plaintiff's counsel has stated to the undersigned counsel for Doe 64 that, once he obtains contact information of an account subscriber from an internet service provider, he sends that subscriber a letter offering to settle the matter for thousands of dollars. (Matesky Decl. ¶ 4.) This not only treats subscribers as Defendants, it contradicts the principle that early discovery is available only as needed to name and serve defendants. In the five months since Plaintiff's counsel first began filing these suits, it does not appear that a single defendant has been named or served.

Other Courts are declining to facilitate this operation. *AF Holdings*, 2:12-cv-08325-ODW-JC, at 2 ("This Court has a duty to protect the innocent citizens of this district from this sort of legal shakedown."); *Hard Drive II*, No. C11-03825 HRL at 11 (**"**Plaintiff seeks to enlist the aid of the court to obtain information through the litigation discovery process so that it can pursue a non-judicial remedy that focuses on extracting "settlement" payments from persons who may or may not be infringers. This the court is not willing to do."). Defendant asks this Court to do the same.

## IV.     CONCLUSION

Because Plaintiffs have not identified any Defendant with specificity, have improperly joined numerous Defendants, have not shown how discovery could lead to identification of Defendants, and have pursued discovery for improper purposes, Defendant Doe 64 respectfully requests that the Court vacate its Order Granting Leave to Take Preliminary Discovery and sever and dismiss Doe 64.

Defendant's Motion for Reconsideration- 12

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331   Fax: 206.701.0332
© 2013 Matesky Law

Dated this <u>13th</u> day of <u>May</u>, 2013

<u>/s/ Michael P. Matesky, II</u>
Michael P. Matesky, II (WSBA # 39586)
Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331
Fax: 206.701.0332
Email: <u>mike@mateskylaw.com</u>;
litigation@mateskylaw.com

Attorney for Defendant John Doe 64

Defendant's Motion for Reconsideration- 13

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331   Fax: 206.701.0332
© 2013 Matesky Law

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system on the date stated below, which will cause the foregoing to be electronically served on all parties of record.

Dated this <u>13th</u> day of <u> May</u>, 2013         <u>/s/ Michael P. Matesky, II   </u>
                                             Michael P. Matesky, II

Defendant's Motion for Reconsideration- 14                    Matesky Law PLLC
                                                             1001 4th Ave., Suite 3200
                                                             Seattle, WA 98154
                                                     Ph: 206.701.0331   Fax: 206.701.0332
                                                             © 2013 Matesky Law