# EXHIBIT 2

Honorable Judge Robert S. Lasnik

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| RIDING FILMS, INC | ) | |
| Plaintiff, | ) ) ) ) ) | |
| v | ) ) | Civil Case Nos.; |
| DOES 1-35 | ) | 13-00255 |
| DOES 1-12 | ) | 13-00256 |
| DOES 1-44 | ) | 13-00277 |
| DOES 1-44 | ) | 13-00278 |
| DOES 1-65 | ) | 13-00287 |
| DOES 1-65 | ) | 13-00288 |
| DOES 1-64 | ) | 13-00289 |
| Defendants. | ) ) ) ) | |

**DECLARATION OF COUNSEL IN SUPPORT OF PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

Under penalty of perjury I, Richard J. Symmes, herby state as follows:

1. I am an attorney admitted to practice in Washington and Plaintiff's counsel in the matters captioned above.

2. All matters in this declaration or submitted through personal knowledge and belief.

Declaration of Counsel
13-00277; 13-00278; 13-00287; 13-00288; 13-00289; 13-00256; 13-00255

Frontier Law Group, PLLC
1001 4th Ave, Suite 3200
Seattle, WA 98154
Office: 206-682-7975

3. Shortly after the Plaintiff's motions for early discovery were granted, subpoenas and Orders were immediately issued to the Internet Service Providers (ISP's).

4. After the Subpoena's and orders were sent out, an initial set up conference was completed with Comcast to streamline the process and I received instructions from Century Link, Frontier Communications and Wave Broadband about how they would like to receive the subpoenas, data and Orders for early discovery.

5. Comcast is the largest ISP provider of the Doe defendants in the present cases and Plaintiff has only received an estimated 30% of the data from them. Frontier Communications and Wave Broadband have not provided any data and Century Link has provided approximately 70% of the data requested from them. There are other very small ISP's such as Charter communications and Nuestar who have also complied with the subpoenas and have provided data on about 5 Doe Defendants. At this time, Plaintiff estimates that 70% of the Doe information has not yet been provided to Plaintiff as Comcast has postponed delivery of data on several cases to as late at June 20, 2013, making it impossible to complete discovery or name potential parties in the current cases.

6. Filed under seal in these cases is client communications in which Plaintiffs provide the communications between Plaintiff and alleged Doe Defendants. At no time was there any coercion to convince Pro Se defendants to settle a case, but rather the emails and phone calls served as an educational tool to help Pro Se's learn about copyright infringement and what film was allegedly downloaded. Plaintiff never contacted a Pro Se defendant by phone unless the Pro Se contacted the Plaintiff first to inquire after receiving a letter from their ISP. Any demand letters that were sent out were estimated

Declaration of Counsel
13-00277; 13-00278; 13-00287; 13-00288; 13-00289; 13-00256; 13-00255

Frontier Law Group, PLLC
1001 4th Ave, Suite 3200
Seattle, WA 98154
Office: 206-682-7975

to be less than 10 due to the lack of data received at this time and expending time communicating and responding to Pro Se and represented clients various motions.

7. Additionally Pro Se's were told that if they could provide documentation that they were not the one who committed the copyright infringement they could provide documentation and be dismissed from the cases with prejudice and no further action would be taken. With that said, after communicating with the Pro Se Doe's, they have been able to identify and turn over information of individuals who may be named as parties in the case, instead of the ISP account holder.

8. Pro Se's were told that if they have additional questions they should consult their own attorney and were also given a referral to their local bar who may be able to provide low cost legal assistance.

9. Opposing attorneys and Pro Se's have suggested that this is some kind of "get rich quick scheme", however I can attest that nobody is getting rich thus far in the process and the Plaintiffs are truly seeking redress for the harm caused due to the Copyright infringement activity.

10. BitTorrent sites which profit from blatant copyright infringement, such as The Pirate Bay, openly flaunt copyright violations by posting letters from rights holders and The Pirate Bay's defiant responses which are replete with profanity. (Exhibit 6).

11. Movies are very costly to create, with the movies involved in the current cases costing several million dollars to create and distribute. (Exhibit 5).

12. In order to enforce the copyright infringement, the Plaintiff must hire a data company to track the infringement, request data from ISP's which charge $30-$100 per name, and retain legal counsel. All of these expenses are costly and prevent Plaintiff or any

Declaration of Counsel
13-00277; 13-00278; 13-00287; 13-00288; 13-00289; 13-00256; 13-00255

Frontier Law Group, PLLC
1001 4th Ave, Suite 3200
Seattle, WA 98154
Office: 206-682-7975

of the parties involved from "getting rich," but rather compensate all parties for all work completed and redress the Plaintiff for the damage that was incurred.

13. In the event of severance, Plaintiff estimates it will be able to afford to pursue 3% of the infringements taking place in the Western District of Washington. This will result in no more than 50 individual lawsuits per month in the Western District of Washington for this movie. Plaintiff fears this will not be a sufficient number to deter continued infringement of this movie.

I declare under penalty of perjury under the laws of the United States of America that foregoing is true and correct.

Dated: May 24, 2013

By: /s/ Richard J. Symmes
Richard J. Symmes, Esq. WSBA #41475
1001 4th Ave, #3200
Seattle, WA 98154
Tel: (206) 682-7975
Fax: (206) 424-4691
Email: Richard@symmeslaw.com

Declaration of Counsel
13-00277; 13-00278; 13-00287; 13-00288; 13-00289; 13-00256; 13-00255

Frontier Law Group, PLLC
1001 4th Ave, Suite 3200
Seattle, WA 98154
Office: 206-682-7975